WILLEMS v. MOORE.

*Replevin—Liability on re-delivery bond—Surety not discharged where appeal bond executed or receiver appointed.*

The surety on a re-delivery bond in replevin, whereby the surety is obligated to pay the damages assessed for the taking, detention and injury of the property, and the costs of suit, providing judgment be rendered against the defendants in replevin, is not discharged by the giving of an appeal bond by the defendants in that action, nor by the appointment of a receiver of the property, who takes possession thereof.

(Decided November 12, 1923.)

ERROR: Court of Appeals for Lucas county.

*Mr. John Kerins*, for plaintiff in error.
*Messrs. Marshall & Fraser* and *Mr. Harold A. Kesler*, for defendant in error.

RICHARDS, J. Hannah J. Moore commenced an

---

Replevin, 34 Cyc. p. 1582 (Anno.).

action in the Municipal Court of the city of Toledo to recover the sum of $225 on a re-delivery bond in replevin signed by Tillie Willems as surety. A judgment was rendered in the Municipal Court in favor of Hannah J. Moore, and on proceedings in error to the Court of Common Pleas that judgment was affirmed. This proceeding in error is brought to secure a reversal of these judgments.

No bill of exceptions was taken in the Municipal Court, but the judgment in that court shows that it was rendered upon the pleadings, and it is therefore necessary, in order to determine the validity of the judgment, to look to the pleadings filed in that court.

The plaintiff, pursuant to the statute governing practice in the Municipal Court, filed a statement of her claim in which she averred in substance that the defendant entered into an undertaking as surety in that court in a case entitled *Hannah J. Moore* v. *Frank Moore et al.*, and in and by the terms of that undertaking agreed and promised to pay the damages assessed for the taking and detention and injury of certain property, and the costs of suit, providing judgment should be rendered against the defendants in the replevin action. The plaintiff further averred that on appeal in the Common Pleas Court she obtained a judgment against the defendants in the replevin action in the sum of $150, and also for costs of suit, taxed at $75, and that the same is unpaid and unsatisfied.

To this statement of claim the defendant, Tillie Willems, filed a statement of defense in which she admits that she entered into an undertaking as

surety in the Municipal Court and that judgment was rendered in that case in the Municipal Court in favor of Hannah J. Moore, and that thereupon the defendants gave a bond for appeal, with sureties approved by the Municipal Court, by the terms of which the defendants and their sureties agreed to pay all costs and judgments that might be rendered by the Court of Common Pleas, to which said cause was appealed, and she claims that by reason of the giving of such bond she is discharged from liability upon the re-delivery bond theretofore given by her.

She further avers in her statement of defense that after the appeal in the replevin case had been perfected, the Court of Common Pleas appointed a receiver on the application of the plaintiff for the property involved in the replevin action, and thereupon the same was delivered to the receiver by order of the Court of Common Pleas.

A demurrer was filed by the plaintiff to this statement of defense.

Tillie Willems, having signed the re-delivery bond in replevin as surety, became liable under the terms of that bond, and that liability remained until the final disposition of the action. The liability would necessarily continue until the case was finally adjudicated in any court to which it might be taken either on appeal or error. *Fisher v. Stanisic*, 18 C. C. (N. S.), 440. We know of no authority holding that she would be released from liability by the giving of the appeal bond. By the giving of the appeal bond the creditor had two securities and would be at liberty to resort to either, as is stated in 32 Cyc., 99.

Neither would the appointment of the receiver, nor his taking possession of the property involved in the replevin suit, be a defense for the surety on the re-delivery bond. The judgment in the replevin action was for damages for the wrongful detention of the property and for costs, while the receivership simply involved the possession of the property during the pendency of the litigation.

*Judgment affirmed.*

CHITTENDEN and KINKADE, JJ., concur.